IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DeJUAN BURT THORNTON-BEY, | § | |
| #20791-424, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:13-CV-1657-L-BK |
| | § | |
| COMERICA BANK, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a *pro se* federal prisoner, filed a complaint against Defendant Comerica Bank. Pursuant to the provisions of 28 U.S.C. 636(b) and Special Order 3, this case was referred to the undersigned United States Magistrate Judge. For the reasons that follow, it is recommended that this action be dismissed.

**I. BACKGROUND**

In 2011, Plaintiff filed a complaint against Defendant in the United States District Court for the Eastern District of Michigan, alleging that he was the beneficiary of a shared a joint bank account with his deceased grandmother, and requesting a court order allowing him access to the account. *See Thornton-Bey v. Comerica Bank*, No. 2:11-CV-13787, 2012 WL 1110008, at *1 (E.D. Mich. Mar. 15, 2012). The court granted summary judgment, concluding Defendant was not a state actor subject to liability under 42 U.S.C. § 1983, and dismissing any remaining claims because there was no federal question jurisdiction and, even assuming diversity of citizenship, the amount in controversy did not surpass $75,000. *Id*. at *2-4, report and recommendation adopted, 2012 WL 1132142 (E.D. Mich. Apr. 3, 2012), *aff'd* No. 12-1622, 2013 WL 69351 (6th Cir. Jan. 7, 2013).

In this action, Plaintiff again seeks access to his grandmother's bank account. (Doc. 3 at 3-5). In addition, he alleges due process, breach of contract, gross negligence, and fraud claims against Defendant and its employees, claiming Defendant filed a false affidavit in the Michigan federal action stating that Plaintiff was not an account holder. *Id*. at 3. Plaintiff seeks compensatory and punitive damages of twenty million dollars. *Id*. at 5.

## II. ANALYSIS

Frivolous Claims and Lack of Jurisdiction

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b), which provides for *sua sponte* dismissal of an *in forma pauperis* complaint if it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. An action may be dismissed as frivolous and malicious when it duplicates claims raised by the same plaintiff in previous or pending litigation. *Pittman v. Moore,* 980 F.2d 994, 994–95 (5th Cir. 1993); *Wilson v. Lynaugh,* 878 F.2d 846, 850 (5th Cir. 1989). A court should ensure "that the plaintiff obtains one bite at the litigation apple-but not more." *Pittman*, 980 F.2d at 994-95.

To the extent Plaintiff seeks to access his grandmother's bank account, his claims duplicate the allegations unsuccessfully pursued in Case Number 2:11-CV-13787, in the United States District Court for the Eastern District of Michigan. Consequently, those claims should be dismissed with prejudice as frivolous. *See Id*.

Insofar as Plaintiff seeks to raise due process, breach of contract, gross negligence, and fraud claims, they should be dismissed for want of jurisdiction. Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324

(5th Cir. 2001); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the U. S. Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. The federal question must appear "on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir. 2002) (citation omitted). Of course, the Court must always construe pleadings filed by *pro se* litigants liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Here, even assuming a due process claim under 42 U.S.C. § 1983, Plaintiff cannot satisfy the "under color of state law" requirement. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (to pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law). Defendant is a private entity and Plaintiff does not allege, let alone prove, that Defendant's alleged actions were fairly attributable to the state. *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005) (summarizing tests used to decide whether a private actor's conduct can be fairly attributable to the State). Therefore, the Subsection 1983 claims against Defendant should be dismissed for a lack of jurisdiction.

Likewise, even if the parties are citizens of different states for purposes of diversity jurisdiction, it appears Plaintiff has arbitrarily alleged an excessive amount in damages in order to meet the jurisdictional amount in controversy. As the party invoking diversity jurisdiction, Plaintiff bears the burden of establishing the amount in controversy by providing a factual basis

for the damages claimed. *See Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052-53 (5th Cir. 1982) ("the party invoking [diversity] jurisdiction has the burden of establishing the factual basis of his claim by pleading or affidavit"). The general rule has been to accept the complaint's claimed amount in controversy, unless it appears or is shown that the amount is not claimed in good faith. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). The "good faith" inquiry focuses on whether "the claim is really for less than the jurisdictional amount." *Id.* "[T]he value of the 'matter in controversy' is measured not by the monetary result of determining the principle involved, but by its pecuniary consequence to those involved in the litigation." *Thomson v. Gaskill*, 315 U.S. 442, 446-47 (1942). "[A] court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury." *Diefenthal*, 681 F.2d at 1052.

Plaintiff seeks a total of twenty million dollars for compensatory and punitive damages against Defendant for denying him access to his grandmother's bank account. (Doc. 3 at 5; Doc. 7 at 5). He, however, has not shown a good faith basis for the amount of damages claimed. In his answer to the Magistrate Judge's questionnaire, although required to "provide all facts that support the amount of damages sought," Plaintiff merely alleged that he sought "monetary damages for [ten] million dollars for the suffering of mental and emotional stress for the last [two] year[s] of [being] deprived of my property (money)," and ten million dollars in punitive damages for breach of contract, gross negligence, and fraud. (Doc. 7 at 5). Plaintiff also failed to clarify how much money is in the disputed bank account. In his Michigan federal action, Plaintiff only sought to recover two-hundred dollars. *Thornton-Bey*, 2012 WL 1110008, at *4.

Moreover, when asked to describe how he was harmed, Plaintiff simply repeats his conclusory claims of a breach of contract, fraud, and gross negligence. (Doc. 7 at 2-4). While

Plaintiff elaborates that his mental and emotional stress stem from an inability to hire legal assistance (Doc. 7 at 2), none of his allegations suggest that such damages would warrant ten million dollars in damages. *See Tanner v. Bank of Am.*, No. 3:09-CV-2138-B-BN, 2010 WL 742443, at *2 (N.D. Tex. Mar. 2, 2010) (seventy-five dollar dispute for overdraft charges was insufficient to prove the amount in controversy was above $75,000). Arbitrarily selected damage amounts are "prohibited and [go] against the limited scope and purpose of the doctrine of diversity jurisdiction established by the United States Supreme Court." *Stebbins v. Texas*, No. 3:11-CV-2227-B-BK, 2011 WL 6130403, at *2 (N.D. Tex. Oct. 24, 2011), <u>recommendation accepted</u>, 2011 WL 6130411 (N.D. Tex. Dec. 9, 2011). Therefore, Plaintiff's request for damages is, on its face, patently frivolous and insufficient to support a good faith claim for damages in excess of $75,000. *See id.* (rejecting arbitrary claim of five trillion dollars as not pled in good faith); *Carr*, 2002 WL 1477427, at *2 (rejecting as not pled in good faith a $200,000 claim for stress (originally twenty million dollar claim) in punitive and compensatory damages for a failure to deliver a magazine that plaintiff had ordered).

Since the complaint does not present a sufficient basis for a federal question or diversity jurisdiction, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state claims. "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id*.

<u>Sanction Warning</u>

Because this would be Plaintiff's second action dismissed as frivolous and for want of jurisdiction, Plaintiff should be warned that if he persists in filing either frivolous lawsuits or

lawsuits over which the Court lacks subject matter jurisdiction, the Court may impose monetary sanctions and/or bar him from bringing any further action. *See* FED. R. CIV. P. 11(b)(2) and (c)(1). Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority "to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See Mendoza v. Lynaugh,* 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** with prejudice as frivolous to the extent Plaintiff seeks to access his grandmother's bank account, and without prejudice for lack of subject matter jurisdiction insofar as he seeks to raise due process, breach of contract, gross negligence, and fraud claims. Additionally, Plaintiff should be **WARNED** that a history of filing lawsuits, which are frivolous or over which the Court lacks subject matter jurisdiction, can be grounds for Rule 11 sanctions.

SIGNED July 5, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE